## UNEARNED WAGES.

[Circuit Court of Lucas County.]

P. L. ANDREWS v. THE LAKE SHORE & MICHIGAN SOUTHERN
RAILROAD COMPANY.

Decided, September, 1905.

*Assignment of Unearned wages—Valid When Based Upon a Possibility Coupled with An Interest—Pleading—Presumption as to a Continuing Employment.*

1. The doctrine is recognized by an unbroken line of authority that, as between private persons, unearned wages constitute a possibility coupled with an interest to which a valid title may be given by assignment. (*The Brooks Co. v. Tolman,* 6 C. C.—N. S., 137, cited.)

2. An allegation that the assignor of unearned wages was in the employ of the debtor at the time of the assignment, and continued in such employment during the time of the earning of the wages for which judgment is asked, sufficiently alleges a contract of employment whereon to base an assignment of such wages.

WILDMAN, J.; PARKER, J., and HAYNES, J., concur.

This is a contest over a fund. One of the defendants here, Theodore A. Rodijkeit, was plaintiff below; he sued the railway company and a contest arose between Ida E. Chandler, who had attached certain wages earned by and due to Rodijkeit and one P. L. Andrews, the plaintiff in error. Her right to receive the money was contested by Andrews, who was a defendant below. He filed a pleading in the court of common pleas, asserting his right to the wages by reason of an assignment which had been made to him by Rodijkeit. The wages at the time of the assignment and for several months thereafter had not been earned, and the question fairly raised is as to whether such an assignment is valid. The court below evidently deemed that it was not and sustained a demurrer to the pleading of Andrews.

For a determination of whether or not the demurrer should have been sustained, it is necessary to glance at the cross-petition of Andrews. In substance it alleges:

"On the 22d day of April, 1904, the said plaintiff, Rodijkeit, was in the employ of said defendant, the Lake Shore & Michigan Southern Railway Company, and so remained in the employ of said defendant continually up to the 25th day of January, 1905. That on said 22d day of April, 1904, said plaintiff, for a valuable consideration, assigned to defendant, P. L. Andrews, out of the wages then due, or to become due him from said defendant company, the sum of seventy-five dollars ($75) and that there is now due this answering defendant on said assignment, a copy of which is hereto attached and marked Exhibit A. and made a part hereof, the sum of forty-five and sixty one-hundredths dollars ($45.60); that due notice of the execution and the delivery of said assignment was given the said defendant, the Lake Shore & Michigan Southern Railway Company, while it was indebted to plaintiff."

He asks that his assignment may be declared to be a first and best lien on the sum due the plaintiff from the defendant, the Lake Shore & Michigan Southern Railroad Company, and for judgment for such amount.

The demurrer, of course, admits the truth of all the material statements in the pleading demurred to. The question is an interesting one which might invite, if there were time, consideration of a large number of cases which we have examined. The question has not been determined by any adjudication of the Supreme Court of the state. The Circuit Court of Cuyahoga County passed expressly upon the question in the case of *The Brooks Co.* v. *Tolman*, in 6 C. C.—N. S., 137, the syllabus of which case I will read:

"An assignment of wages or salary to be earned under an existing employment, made in good faith and for a valuable consideration, is valid where the relation between the employe and the employer is such that the employe may reasonably be expected to earn the wages covered by the contract; and against such a contract a claim for homestead exemption can not prevail."

The case seems to be well considered and indicates very careful research of the authorities on the part of the judges making the holding, Marvin, Hale and Winch.

It has been forcibly argued in this case that the assignment was only of the mere possibility of continuance in the employ;

that no contract of continued employment is alleged in this pleading. That is true, and at first blush the argument seemed to the court to be sound. We have viewed with a good deal of sympathy the decision of the court below. Such an assignment as this is similar in some respects to a transfer of the mere expectation of an inheritance by a son, and our Supreme Court has held that such a sale is invalid. In several cases this principle has been recognized by the Supreme Court of Ohio—in the 7th O. S., 432; 25 O. S., 283; 32 O. S., 502, and perhaps others. It is true that in the case of father and son, as in the case of employer and employe, there may be some like probability arising out of the existence of the relation which creates a little more than a naked expectation. But the current of authority, we think, favors the validity of assignments by employes of wages yet unearned. In 209 Illinois, 252, it was held that the existence of the employment at the time of the assignment is sufficient warrant of continued employment and future earnings, and it is not necessary to show a contract for continued employment or service. We find numerous cases where there was no contract for any definite term of employment, and the current of authority seems to recognize the validity of assignments in such case. We have been unable in our examination of the matter to find any case in conflict with the rule laid down in the 4th Cyclopœdia of Law and Procedure, pages 17 to 20:

"Future earnings or salary of a private individual and anticipated profits under existing agreements, may be assigned, although the contract under which the work is being done may be indefinite as to time of employment and the amount to be paid for the work.

"But in order that there may be an assignment of future earnings it is essential that the expectation of such earnings shall be based upon an existing contract of employment; as without such contract there can not be any valid assignment, either in law or in equity, of wages and salary to be earned in future, for the reason that, under such circumstances, future earnings constitute a mere possibility not coupled with an interest."

In the case of *Grant* v. *Ludlow, Admr.*, 8 O. S., 1, we find this language on page 38, used by Judge Swan:

"Whatever choses in action are transmissible by operation of law, are assignable in equity."

Then he gives the rule stated by Judge Story in a case in 1st Peters, as follows:

"In general it may be affirmed that mere personal torts, which die with the party, and do not survive to his personal representatives, are not capable of passing by assignment; and that vested rights, *ad rem* and *in re,* possibilities coupled with an interest, and claims growing out of and adhering to property, may pass by assignment."

The suggestion which I wish to make is that the learned judge is apparently recognizing a doctrine that a possibility coupled with an interest is susceptible of assignment, and it will be found that unearned wages under an existing employment are, by the current of authorities, recognized as possibilities coupled with an interest, notwithstanding the decisions of our Supreme Court in the case of a son having nothing but an expectation of inheritance, nothing which he may transfer during the life of the father. It seems to us that the drift of authorities is possibly inconsistent with the rules of the assignments of expectations of inheritance, and yet it seems to us an unbroken line and to have established this rule in the case of unearned wages where the rights of private persons are concerned. In the case of public officers the rule seems to be different. I read from 4 Cyclopœdia of Law and Procedure, page 19.

"The assignment by certain classes of public servants, of their unearned salaries or fees of office has been forbidden by statute in England and by act of Congress in the United States. But even in the absence of statute, the great weight of authority, both in England and in the United States, is to the effect that an assignment by a public officer of the unearned salary or fees of his office is void as against public policy. The doctrine has been extended so as to forbid, the assignment, by private trustees of expected fees to be earned by the performance of duties of the trust, when such duties and the compensation thereof are prescribed by statute."

We have a case in Ohio, *Porter* v. *Dunlap,* 17 Ohio St., 591, where the court recognized the validity of an assignment by a

school teacher of unearned compensation as an equitable assignment, and held that a subsequent attempt to draw the fees by the school teacher was in fraud of the assignment and that the person to whom he had assigned should be permitted in equity to collect the fund.

In the 6th Nisi Prius, 467, the attempted assignment was by one who was not employed at the time of the assignment, and that distinguishes the case from the one at bar. I might say that there is one citation in the foot note in the 4th Cyclopœdia, on page 17, that at first glance might seem to be in conflict with the prevailing rule. It is a reference to 1st Wallace, but on an examination of the report we find this case not in conflict with the drift of authorities; so that we discover no exception in the adjudication to the enunciation of this rule, that a person who is in the employ of another may assign his wages not then earned, but an attempted assignment of wages which by a possibility may be earned from somebody not then an employer, and where there is no contract for a future employment, is not valid. There is nothing in the latter case but a mere possibility and, as the authorities say, it is not coupled with an interest.

Now, much against our notions of what would be the better rule in harmony with the principle as to the sale of an expectancy, we feel compelled to differ with the court below. We are not shaken in this view by the fact that there is no express averment in this case that there was a contract of employment. It is averred in the cross-petition of Andrews that Rodijkeit was in the employ of the company at the time and that he remained continuously in the employment to and during the time of the earning of the wages sued for.

The term "in the employ" involves the idea of employer and employe, and the expression conveys the notion of a continuing service. To say that one is in the employ of another is as much as to say that he has been employed by him and is still rendering services involved in the employment. There is no escape from this. Logically, to say one is in the employ of another, is to say he is not rendering gratuitous services. It involves the idea of a contract of employment. And having that

view we think that by a fair construction of the pleading it does allege a contract of employment, and, as I have said, in the Illinois case an existing employment was held to be sufficient to entitle a person to make an assignment of wages not then earned, he having a possibility, coupled with an interest. We hold that Rodijkeit could make the assignment which he made. Therefore, there being no other question involved therein, it will be our duty to reverse the judgment of the court below.

I might say, in passing, that the parties—some of them—seem to have the idea, expressed in brief and in argument, that the rights of the other party, Mrs. Ida A. Chandler, are involved; but it will be noted that Ida A. Chandler has not demurred to this pleading.

The question of her rights is not necessarily before us, so far as this demurrer is concerned. Our ruling upon the demurrer involves only the right of Rodijkeit. He brought the suit; he was asking for the fund; he is not asserting Ida A. Chandler's rights; he is saying that he claims some interest; but he is not asserting her interest.

The judgment of the lower court will be reversed, and the cause remanded for further proceedings.